United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>MANUEL HERNANDEZ BECERRIL,<br>Defendant. | Case No. 18-cr-00288-PJH-1<br><br>**ORDER DENYING MOTION TO SUPPRESS**<br><br>Re: Dkt. No. 16 |

On January 9, 2019, this matter came on for hearing on the motion of represented defendant Manuel Hernandez Becerril to suppress all evidence seized during a search executed on April 17, 2018, pursuant to a search warrant issued by a magistrate judge on April 5, 2018. Dkt. no. 16. For the reasons stated at the hearing and set forth below, the motion to suppress is DENIED.

Defendant challenges the sufficiency of the probable cause affidavit on two grounds: (1) the affiant set forth only conclusory statements in a bare bones affidavit that failed to support an inference that defendant kept stolen mail in his home or cars; and (2) the affidavit did not describe the items to be seized with sufficient particularity, thereby permitting the searching agents to go on a fishing expedition. Having reviewed the record, the court determines that the search warrant affidavit sets forth a sufficient basis to find probable cause to believe that evidence of a crime would be found in the locations to be searched.

**1.      Conclusory Statements**

Defendant argues that the search warrant is invalid because conclusory

statements by the affiant, unsupported by underlying facts, cannot be used to establish probable cause. Mot. at 5. *See Illinois v. Gates*, 462 U.S. 213, 239 (1983) ("Sufficient information must be presented to the magistrate to allow that official to determine probable cause; his action cannot be a mere ratification of the bare conclusions of others."). Defendant contends that SA Maloof's affidavit failed to aver any information from any sources or law enforcement surveillance to specifically support the expressed belief that defendant used his family home and vehicles to store goods and cash. Mot. at 3. However, the affidavit underlying the search warrant provides specific facts about 11 certificates issued to other Costco customers that defendant redeemed, and refers to video footage showing defendant redeeming the certificate or exiting a Costco after the certificate was redeemed, with defendant seen at least three times on surveillance video wearing his postal uniform. With these factual details, the affidavit does not amount to a "bare bones" affidavit as defendant suggests.

To establish a nexus between defendant's criminal activity and the locations to be searched, SA Maloof's affidavit provides sufficient facts to support a reasonable inference that evidence of the mail theft would be found in defendant's home, in his cars, or on his person or his wife's person. SA Maloof conducted visual surveillance to corroborate the DMV records showing that the 2007 Pontiac and the 2012 Chrysler van were registered to defendant at the address listed as his residence in a law enforcement report and his Costco and personnel records. Defendant was also captured on surveillance video twice using another Costco customer's Cash Card at a Costco gas station to pump gas into the Pontiac that is registered to defendant. Maloof Aff. ¶ 41. Based on the nature of the crime, that is, stealing reward certificates and redeeming their value at Costco, it is reasonable to infer that evidence of the crime would be found in those locations to be searched, particularly in light of SA Maloof's opinion based on 16 years in federal law enforcement that mail thieves will generally store the stolen mail in their personal vehicles and/or at their residence, and that mail thieves commonly carry and transport the fruits and instrumentalities of their crimes in their vehicles. This inference is also supported by

common sense, given that defendant would not likely store the stolen mail at his place of work, where he stole the Costco certificates in the first place. *See United States v. Garza*, 980 F.2d 546, 551 (9th Cir. 1992) ("[b]ased on the nature of the evidence and the type of offense, a magistrate may draw reasonable inferences about where evidence is likely to be kept," recognizing that in the case of drug dealers, evidence is likely to be found where the dealers live) (citations and internal marks omitted).

To the extent that defendant challenges the inference that any evidence of the crimes would be found in April 2018, after two months had passed since defendant was last observed redeeming stolen reward certificates, it was reasonable to infer that evidence of mail theft would still be found in light of Costco records showing that in some instances, defendant redeemed stolen certificates two to three months after Costco mailed them to the victims. Maloof Aff. ¶¶ 32-33, 35, 42. Furthermore, the information in the search warrant affidavit was not rendered stale by the two-month delay due to the continuous nature of the criminal activity. *See United States v. Landis*, 726 F.2d 540, 542 (9th Cir. 1984) ("The continuous nature of the activity diminishes the significance of the time lag between the acts described in the affidavit and presentation of the affidavit to the magistrate.").

The court determines that the information in the affidavit provided a substantial basis for the magistrate judge to find probable cause to issue the search warrant.

### 2. General Rummaging

Defendant further argues that the search warrant allowed for general rummaging of an unlimited array of items to identify the persons associated with the property and vehicles to be searched, by describing the "items to be searched" as "including, but not limited to, personal property and documents used by persons as means of identification." Mot. at 8 (citing Search Warrant, Attachment B ¶ 1). "While a search warrant must describe items to be seized with particularity sufficient to prevent 'a general, exploratory rummaging in a person's belongings,' *Coolidge v. New Hampshire*, 403 U.S. 443, 467 (1971) (plurality), it need only be reasonably specific, rather than elaborately detailed,

3

1 and the specificity required varies depending on the circumstances of the case and the
2 type of items involved." *United States v. Rude*, 88 F.3d 1538, 1551 (9th Cir.), *as
3 amended on denial of reh'g* (9th Cir. Sept. 10, 1996) (internal citations and marks
4 omitted). Defendant argues that the phrase "including but not limited to" indicates that
5 the search warrant was not tailored to ensure that the search would not be a pretext to
6 rummage through defendant's property, noting that the items seized included gift cards
7 that rightfully belonged to defendant and his wife. Mot. at 9 (citing *United States v.
8 Bridges*, 344 F.3d 1010, 1018 (9th Cir. 2003) (criticizing warrant that authorized seizure
9 of all records relating to clients or victims "including but not limited to" the ones listed on
10 the warrant)). Unlike the warrant issued in *Bridges* which failed to specify what crimes
11 were being investigated, SA Maloof's affidavit contained specific allegations of
12 defendant's criminal activity that served to limit the scope of the warrant. *See Bridges*,
13 344 F.3d at 1018-19. Furthermore, the provision of Attachment B ¶ 1 using the term
14 "including, but not limited to" sufficiently limits the scope of the seizure to records that
15 identify the owners or others associated with the property and vehicles listed in
16 Attachment A, which sets forth a finite list of locations to be searched. *See United States
17 v. Spilotro*, 800 F.2d 959, 963 (9th Cir. 1986) ("Warrants which describe generic
18 categories of items are not necessarily invalid if a more precise description of the items
19 subject to seizure is not possible.").

20 Defendant's contention that the search warrant does not describe the items to be
21 searched with sufficient particularity is belied by the specificity of the factual assertions
22 and the weight of SA Maloof's expert opinions based on his law enforcement experience
23 to establish a fair probability that evidence of a crime would be found in the locations to
24 be searched, that is, defendant's home, his vehicles and on his and his wife's person. By
25 stating facts showing that defendant stole Costco reward certificates from the mail and
26 redeemed certificates issued to other Costco members under his own account, and that
27 defendant's wife redeemed other Costco members' rewards three separate times in
28 August and November 2017, the affidavit establishes a fair probability that defendant

4

committed mail theft and that evidence would be found in defendant's home, in his cars or on his or his wife's person.  Accordingly, the search warrant set out limits for what kinds of property could be seized, particularly property purchased with stolen Costco reward certificates as well as Costco reward certificates and gift cards "without proof of legitimate ownership."  Search Warrant, Attachment B.  *See United States v. Lacy*, 119 F.3d 742, 746 (9th Cir. 1997) ("this type of generic classification is acceptable 'when a more precise description is not possible'").  The search warrant sufficiently specified the items subject to seizure and limited the scope to items that were related to the specific criminal activity under investigation.

Defendant further argues that if the court finds that the search warrant was not supported by probable cause, the good faith exception to the exclusionary rule under *United States v. Leon*, 468 U.S. 897 (1984), should not be applied because SA Maloof knowingly used misleading information in the affidavit to deceive the magistrate judge.  Mot. at 6 (citing Maloof Aff. ¶ 51).  Defendant's argument misreads the probable cause affidavit: SA Maloof did not aver that defendant actually purchased electronics and luxury items with the stolen Costco certificates, but explained why stolen items such as those would likely be stored at the thief's residence.  SA Maloof also opined that individuals who steal from the mail would store items with low resale value, such as gift cards, for long periods, and that the contents of stolen mail are generally stored in the thief's personal vehicles and/or residence.  While defendant has not demonstrated that the affidavit contained knowingly false or misleading statements, the court does not reach the question of applying the good faith exception because the court determines that the affidavit provided a substantial basis for the magistrate judge to find probable cause to issue the search warrant.  The motion to suppress is DENIED.

**IT IS SO ORDERED.**

Dated: January 10, 2019

_____
PHYLLIS J. HAMILTON
United States District Judge

5